**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| SILVIA CASTILLO,<br>Plaintiff,<br>v.<br>STATE FARM FIRE AND CASUALTY COMPANY,<br>Defendant. | Civil Action No.<br>1:25-cv-06692-SDG |

**OPINION AND ORDER**

This case is before the Court on Plaintiff Silvia Castillo's motion to remand [ECF 6]. Because Defendant State Farm Fire and Casualty Company has not shown by a preponderance of the evidence that the amount in controversy exceeds $75,000, the Court lacks subject matter jurisdiction over this case, and so Castillo's motion is **GRANTED**.

## I. BACKGROUND

This is an insurance dispute arising out of storm damage to Castillo's property in Norcross, Georgia.[1] Castillo alleges that her home suffered damage from wind, rain, and other storm forces in September 2024.[2] Castillo reported a claim to State Farm, her insurer.[3] To date, State Farm has not paid Castillo's claim,

1 Compl., ECF 1-1, ¶¶ 1, 7.

2 *Id.* ¶ 7.

3 *Id.* ¶ 8.

and Castillo alleges that State Farm has not actively participated in loss adjustment or appraisal of her claim either.[4]

Castillo initially filed her complaint in the State Court of Gwinnett County, Georgia, on September 19, 2025.[5] Castillo brings three claims for relief against State Farm: (I) breach of contract; (II) interest on her damages pursuant to O.C.G.A. § 13-6-13; and (III) bad faith damages and attorneys' fees under O.C.G.A. § 33-4-6.[6] According to the complaint, Castillo's "[d]amages sought in this matter total $74,999.00."[7]

State Farm removed the case on November 21, 2025, based on this Court's diversity jurisdiction.[8] Plaintiff appears to be a citizen of Georgia.[9] State Farm is an Illinois corporation with its principal place of business also in Illinois, and therefore a citizen of Illinois.[10] 28 U.S.C. § 1332(c). State Farm contends that the amount in controversy exceeds $75,000 because Castillo alleged in her complaint that her damages total $74,999.00, and she also brings a claim for bad faith

---

4 *Id.* ¶¶ 14, 16.

5 *See generally id.*

6 *Id.*

7 *Id.* ¶ 5.

8 Notice of Removal, ECF 1.

9 Compl., ¶ 1; *see also* Notice of Removal, ¶ 6.

10 Notice of Removal, ¶ 7.

damages under O.C.G.A. § 33-4-6, which could permit Castillo to recover an additional 50% of her loss plus attorneys' fees.[11] Castillo moves to remand on the grounds that her complaint sought less than $75,000 in damages, and State Farm has not shown by a preponderance of the evidence that the amount in controversy exceeds that figure.[12]

## II. APPLICABLE LEGAL STANDARD

A civil action originally filed in state court can be removed to the federal district court embracing the state court if the district court has original jurisdiction over the case. 28 U.S.C. § 1441(a). "[W]hen an action is removed from state court, the district court first must determine whether it has original jurisdiction over the plaintiff's claims." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). The removing party "bears the burden of proving that federal jurisdiction exists." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). The "removal statutes are construed narrowly . . . [and] uncertainties are resolved in favor of remand." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

Federal courts possess limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). District courts have original jurisdiction over all civil actions arising under the United States Constitution, as well as its laws and

---

11 *Id.* ¶ 9.

12 ECF 6.

treaties (*i.e.*, federal question jurisdiction). 28 U.S.C. § 1331. In addition, district courts have diversity jurisdiction over civil actions where the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the parties. 28 U.S.C. § 1332. The party seeking removal must satisfy one of these two standards to invoke federal jurisdiction. *Burns*, 31 F.3d at 1095 ("[R]emoval is only permissible when plaintiff's claim could have been filed in federal court originally.").

The amount in controversy is measured "on the date on which the court's diversity jurisdiction is first invoked, in this case on the date of removal." *The Burt Co. v. Clarendon Nat. Ins. Co.*, 385 F. App'x 892, 894 (11th Cir. 2010). In a notice of removal, the removing party need only provide "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (citing 28 U.S.C. § 1446(a)). However, when a non-removing party contests the amount in controversy, the removing party must show that the jurisdictional threshold amount is met by a preponderance of the evidence. *Owens*, 574 U.S. at 88–89 (citing 28 U.S.C. § 1446(c)(2)(B)). "In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Owens*, 574 U.S. at 88. The court may consider facts alleged in the notice of removal, judicial admissions made by the plaintiff, non-sworn letters

submitted to the court, or other summary judgment-type evidence. *Sutherland v. Glob. Equip. Co.*, 789 F. App'x 156, 162 (11th Cir. 2019) (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010)).

Further, "Eleventh Circuit precedent permits district courts to make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable." *Clark v. LG Elecs. U.S.A., Inc.*, No. 1:18-CV-5574-ODE, 2019 WL 5686703, at *2 (N.D. Ga. Apr. 11, 2019) (quoting *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010)). "[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe*, 613 F.3d at 1062.

## III. DISCUSSION

Because Georgia law permits Castillo to recover damages in excess of those alleged in the complaint, her allegation that her damages total $74,999.00 is not conclusive of her remand motion. However, because State Farm has presented no other evidence that the amount in controversy exceeds the $74,999.00 alleged in the complaint, and with all uncertainties resolved in favor of remand, the Court concludes that the amount in controversy in this case does not exceed $75,000, and therefore the Court lacks subject matter jurisdiction.

In a diversity jurisdiction case such as this one, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy," except, as relevant here, "the notice of removal may assert the amount in controversy if the initial pleading seeks . . . a money judgment, but the State practice . . . permits recovery of damages in excess of the amount demanded." 28 U.S.C. § 1446(c)(2)(A)(ii). In that case, "removal of the action is proper on the basis of an amount in controversy asserted under [§ 1446(c)(2)(A)] if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" $75,000. *Id.* § 1446(c)(2)(B). Georgia law provides that "[a] claimant may recover a money judgment exceeding the amount claimed [in the complaint] if within the range of evidence." *Hubacher v. Volkswagen Cent., Inc.*, 164 Ga. App. 791, 795 (1982). Thus, under § 1446(c)(2), State Farm must show by a preponderance of the evidence that the amount in controversy exceeds $75,000.[13]

---

13 Castillo relies on the Eleventh Circuit's *Burns* decision for the proposition that "[w]here a plaintiff expressly limits damages below $75,000, a defendant must show affirmatively and with evidence that the value of the claim exceeds the cap 'to a legal certainty.'" ECF 6, at 5 (quoting *Burns*, 31 F.3d at 1095). However, several district courts in this circuit have recognized that this holding in *Burns* was superseded by the Federal Courts Jurisdiction and Venue Clarification Act of 2011, which enacted § 1446. *See, e.g.*, *Mosley v. State Farm Fire & Cas. Co.*, No. CV 22-0133-WS-MU, 2022 WL 2287927, at *4 (S.D. Ala. June 24, 2022); *Heath v. ILG Techs., LLC*, 707 F. Supp. 3d 1371, 1380 (N.D. Ga. 2020).

However, State Farm has presented no other evidence, besides the complaint, that Castillo is seeking to recover more than $75,000.[14] Instead, State Farm argues that the complaint necessarily seeks more than the jurisdictional amount in controversy because it alleges that Castillo's damages total $74,999.00, and she is also seeking bad faith damages and attorneys' fees under O.C.G.A. § 33-4-6. State Farm's reading of the complaint is plausible. But "[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly," and therefore "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala.*, 168 F.3d at 411 (citations omitted). Another plausible reading of the complaint is that Castillo's estimate of her damages, including her insurance claim for storm damage to her property, interest, bad faith damages, and attorneys' fees, totals $74,999.00. Of course, that is awfully convenient for her chosen venue in state court—though the flip side is also true for State Farm. But contrary to State Farm's arguments in opposition to remand, "Damages" is not a defined term in the complaint; an informed reader could discern a distinction between the money damages sought in this lawsuit versus "physical loss and damage" to Castillo's

---

14 The parties wrangle over a pre-suit demand purportedly made by Castillo. *Compare* ECF 6, at 2–3, *with* ECF 7, at 3 n.3, 11 n.7. However, that demand is nowhere in the record, and State Farm expressly disclaims any reliance on that demand in supporting its alleged amount in controversy.

property caused by the September 2024 storm.[15] Nor is the Court required to divine whether Castillo's estimate of her damages includes bad faith "damages" under § 33-4-6, attorneys' fees under § 33-4-6, both, or neither.

That is because State Farm has presented no evidence that Castillo's underlying insurance claim is itself worth nearly $75,000, which might otherwise permit the inference that bad faith damages and attorneys' fees would push her claim over the jurisdictional threshold. Thus, the Court is left only with Castillo's complaint and its ambiguous allegation regarding damages. Because that ambiguity must be resolved in favor of remand, the Court concludes that State Farm has not shown by a preponderance of the evidence that the amount in controversy exceeds $75,000. Accordingly, the Court lacks subject matter jurisdiction, and this case must be remanded. To protect against the possibility that Castillo has played fast and loose with her damages claim for the specific purpose of defeating federal jurisdiction, this Court suggests that the original court may wish to cap Castillo's total damages at no more than $74,999.99.

---

15 *Compare* Compl., ¶ 5, *with id.* ¶¶ 7, 9, 13, 19–21. As a further comparison, "Loss" is a defined term in the complaint. *See id.* ¶ 7 (defined as "physical loss and damage as a result of wind, rain, and/or other storm-related forces" suffered by Castillo's property on or about September 27, 2024).

## IV. CONCLUSION

Castillo's motion to remand [ECF 6] is **GRANTED**. The Clerk of Court is **DIRECTED** to **REMAND** this case to the State Court of Gwinnett County, Georgia, and to close this action. State Farm's motion to dismiss for failure to state a claim [ECF 2] remains pending.

**SO ORDERED** this 30th day of September, 2026.

Steven D. Grimberg
United States District Judge